## THE RIGHT TO GIVE BAIL.

Common Pleas Court of Hamilton County.

STATE OF OHIO, ON THE RELATION OF PHILIP NATHAN, V. CHARLES
S. WEYAND, CLERK OF THE POLICE COURT OF CINCINNATI.

Decided, July 24, 1912.

*Sureties—Mandamus Lies to Compel Acceptance of Bail in a Criminal
Prosecution—Notwithstanding the Surety is Proposing to go Upon
the Bond for Hire—Bill of Rights, Article I, Section 9.*

Where the right to bail exists, the only duty pertaining to the office of
one authorized to accept bail relates to the sufficiency of the bond
in form and amount, without regard to the character of the pro-
posed surety with respect to his being a professional bondsman.

*Charles S. Sparks,* for the relator.
*John W. Weinig,* Assistant City Solicitor, and *Bernard C.
Fox,* Prosecuting Attorney, contra.

DICKSON, J.

The plaintiff, relator, complains that the defendant, a police
court clerk, has refused to permit him to be a surety on a bond
in said court.

At the hearing it was admitted that the financial responsibil-
ity of the plaintiff was ample. The only reason given for the
refusal was that the plaintiff was a professional bondsman, *i. e.,*
one who was willing and did sign the bonds of accused persons
for hire.

Whenever the right to bail exists, the duty to accept is in-
violable. The right exists when and because,

"All persons shall be bailable by sufficient sureties, except for
capital offenses when the proof is evident or the presumption
great." (Bill of Rights, Article I, Section 9.)

The presumption of innocence and the right to bail go hand
in hand and are twins—and sacred.

The duty in the officer with authority to accept bail begins
and ends with the efficiency of the bond in form, and its suffi-

ciency is pecuniary value. He is not allowed to exercise any discretion as to the reputation, character, morals, standing, politics, religion or color of the signer. He must exercise this duty promptly and without prejudice or favor and impartially—and without fear or influence. When such an officer has acted thus, then only has he done his duty. Any alleged evil arising from accepting the professional bondsman does not concern him. No one signs another's bond without consideration. The consideration is always some form of friendship or money. The stranger within the gate must hire the bondsman. The hired bondsman may be even more worthy than the volunteer—undoubtedly his risk is usually the greater.

The writ will be granted.